UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANESSA THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FAMILY HEALTH CARE NETWORK, *et al.*,<br><br>　　　　Defendants. | Case No.  1:24-cv-00794-KES-EPG<br><br>ORDER DIRECTING CLERK OF THE COURT TO TERMINATE FAMILY HEALTHCARE NETWORK AND FLORENCE GARROVILLAS AS DEFENDANTS IN THIS MATTER<br><br>(ECF No. 9) |

　　　　Plaintiff Anessa Thompson commenced this medical negligence action on July 8, 2024, against defendants the United States of America, Family Healthcare Network, and Florence Garrovillas. (ECF No. 1). Plaintiff alleges that medical staff at Family Healthcare Network failed to properly treat Plaintiff and administered improper medications and/or vaccines, to which Plaintiff had a severe reaction. (*Id.* at 3). On October 16, 2024, Plaintiff and the United States submitted a stipulation to substitute the United States as the sole defendant. (ECF No. 9).[1]

　　　　Pursuant to 28 U.S.C. § 2679, the exclusive remedy for personal injury or death caused by the negligence of an employee of the United States while working in the scope of their employment is against the United States. 28 U.S.C. § 2679(b)(1). Public or non-profit entities who receive federal funds and their officers, employees, or contractors who are physicians are

---

[1] Summons for Family Healthcare Network and Florence Garrovillas were returned executed on August 19, 2024, and August 30, 2024, respectively, but those parties have not yet appeared in this case. (ECF Nos. 6, 7).

1

considered Public Health Service employees. 42 U.S.C. § 233(g).[2] "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1); *see also Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993) (substitution is "required" upon certification). Such a certification may be made by the United States Attorney for the district where a civil action has been brought. 28 C.F.R. § 15.4(a)-(b).

Included with the parties' stipulation is a Certification of Scope of Employment by the Office of the United States Attorney for the Eastern District of California. (ECF No. 9 at 4). The certification states that the other defendants named in this action, Family Healthcare Network and Florence Garrovillas, were deemed to be employees of the Public Health Service and were acting within the course and scope of their employment at the time of the incidents alleged in the complaint. (*Id.*).

Accordingly, this action is proceeding against the United States of America, pursuant to 28 U.S.C. § 2697(d)(1), and:

1. The Clerk of Court is respectfully directed to terminate Family Healthcare Network and Florence Garrovillas from this action, and to update the case caption to identify the United States of America as the only defendant.

IT IS SO ORDERED.

Dated:  **October 18, 2024**          /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's complaint alleges that Family Healthcare Network is a Federally Qualified Health Clinic/Center (FQHC) "operating under the auspices of the Centers for Medicare & Medicaid (CMS), the U.S. Department of Health and Human Services, and/or the Federally Supported Health Centers Assistance Acts of 1992 and 1995 (FSHCC)." (ECF No. 1 at 1-2). Florence Garrovillas is alleged to have been a physician with a place of business at, or employed by, Family Healthcare Network. (*Id.* at 2).